# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-30058
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HUEY P. SCOTT, JR.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-232-1

———————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

A jury convicted Huey P. Scott, Jr., of possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (outlawing conduct), (b)(1)(A)(viii) (setting penalty). Scott contends: the evidence was insufficient to support a finding of intent to

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

distribute; and the court erred by denying his mistrial motion. Both contentions lack merit.

Scott asserts the evidence was insufficient because: no scales commonly used by drug traffickers were found during his arrest; and he admitted to possessing drugs for personal use. His motion for judgment of acquittal at the close of the Government's case was denied, and he did not subsequently present evidence.

"[C]hallenges to the sufficiency of the evidence" are reviewed *de novo*, "according substantial deference to the jury verdict". *United States v. Kieffer*, 991 F.3d 630, 634 (5th Cir. 2021) (citation omitted). That a reasonable juror could find beyond a reasonable doubt that Scott intended to distribute methamphetamine is amply supported by, *inter alia*, his possession of: 138.7 grams of methamphetamine; and plastic bags found. *E.g.*, *United States v. Rains*, 615 F.3d 589, 594 (5th Cir. 2010) (holding reasonable juror could infer 15.84 grams of methamphetamine "is much more than a normal amount for daily personal use"); *United States v. Mays*, 466 F.3d 335, 341 (5th Cir. 2006) (holding plastic bags "qualify as tools of the trade" (citation omitted)).

Scott's other contention, regarding the denial of his mistrial motion, is that the Government's expert's testimony about inadmissible extrinsic acts substantially impacted the jury verdict. The denial of a mistrial motion is reviewed for abuse of discretion. *United States v. Zamora*, 661 F.3d 200, 211 (5th Cir. 2011).

Scott fails to show how the expert's short, general reference to two inadmissible extrinsic acts had such an effect, in the light of other evidence presented by the Government, including, *inter alia*, the expert's testimony about three other such acts. *See id* ("If a defendant moves for a mistrial on the grounds that the jury heard prejudicial testimony, a new trial is required

No. 25-30058

only if there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record.").

AFFIRMED.